# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-935V
Filed: January 6, 2017
[Not to be published]

```
*  *  *  *  *  *  *  *  *  *  *  *  *
MICHAEL ANDERSON and HASANI      *
TAYLOR natural parents and guardians  *
of K.A., a minor,                *            Special Master Gowen
                                 *
            Petitioners,         *            Dismissal; Gardasil;
      v.                         *            Adverse Reaction
                                 *
                                 *
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *
                                 *
            Respondent.          *
*  *  *  *  *  *  *  *  *  *  *  *  *
```

Robert J. Krakow, Law Office of Robert J. Krakow, P.C., New York, NY, for petitioners.
Adriana R. Teitel, United States Department of Justice, Washington, DC for respondent.

## DECISION[1]

On August 3, 2016, Michael Anderson and Hasani Taylor ("petitioners") filed a petition on behalf of their minor child, K.A., pursuant to the National Vaccine Injury Compensation Program.[2]  Petitioners alleged that as a result of receiving the Diphtheria Tetanus Acellular Pertussis ("DTaP"), Hepatitis B, and Poliovirus vaccines on August 5, 2013, and Pneumococcal Conjugate and Haemophilus Influenza b vaccines on August 6, 2013, K.A. suffered developmental delay and related injuries and a Table encephalopathy.  Petition at 1.

On January 6, 2017, petitioners moved for a decision dismissing their petition, stating that "[a]n investigation of the facts and available science supporting petitioners' case has demonstrated to

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

petitioners that they will be unable to prove that they are entitled to compensation n the Vaccine Injury Compensation Program." Motion for a Decision Dismissing Petition at ¶ 1, filed January 6, 2017. Counsel has advised petitioners that a decision by the Special Master dismissing their petition will result in a judgment against them, and that such a judgment will end all of their rights in the Vaccine Program. Id. at ¶ 3. Petitioners state that they intend to protect their rights to file a civil action. Id. at ¶ 6.

To receive compensation under the Program, petitioners must prove either (1) that K.A. suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that K.A. suffered an injury that was actually caused by the vaccination. See §§ 13(a)(1)(A) and 11(c)(1). An examination of the record did not uncover evidence that K.A. suffered a "Table Injury," and the record does not contain any persuasive evidence indicating that K.A.'s alleged injuries were caused by the August 5 and 6 vaccines.

Under the Vaccine Act, petitioner may not be given a Program award based solely on the petitioners' claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1). In this case, there are insufficient medical records supporting petitioner's claim, nor has petitioner offered a medical opinion in support.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that K.A. suffered a "Table Injury" or that the injuries were "actually caused" by the August 5 and 6, 2013, vaccinations. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**/ Thomas L. Gowen**
Thomas L. Gowen
Special Master

2