# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: April 14, 2017

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*     UNPUBLISHED

MICHAEL ANDERSON *and* HASANI  \*
TAYLOR *natural parents and guardians*  \*
*of* K.A. *a minor,*  \*
 \*
   Petitioners,  \*   No. 16-935V
 \*
v.  \*   Special Master Gowen
 \*
SECRETARY OF HEALTH  \*   Final Attorneys' Fees and Costs;
AND HUMAN SERVICES,  \*   Reasonable Basis;
 \*   Reduced Attorney Rate;
   Respondent.  \*   Reduced Paralegal Rate.
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Robert J. Krakow, Law Office of Robert J. Krakow, P.C., New York, NY, for petitioners.
Adriana R. Teitel, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

  On August 3, 2016, Michael Anderson and Hasani Taylor ("petitioners") filed a petition on behalf of their minor child, K.A., pursuant to the National Vaccine Injury Compensation Program.[2]  Petitioners alleged that as a result of receiving the Diphtheria Tetanus Acellular Pertussis ("DTaP"), Hepatitis B, and Poliovirus vaccines on August 5, 2013, and Pneumococcal Conjugate and Haemophilus Influenza b vaccines on August 6, 2013, K.A. suffered developmental delay, related injuries, and a Table encephalopathy. Petition at 1.  On petitioners' motion, a Decision dismissing the petition for insufficient proof was issued January 6, 2017.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to 34 (2012) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On March 10, 2017, petitioners filed a motion for attorneys' fees and costs.  Petitioners ("Pet'rs'") Motion ("Mot.").  Respondent filed a response on March 27, 2017, asserting that the claim lacked a reasonable basis and objecting to any award of fees or costs in this case.  Respondent's ("Resp.") Response at 1.  Respondent further states, "[i]n the event that the special master determines that an award of fees and costs is appropriate in this case, respondent respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs."  Id. at 8.  Petitioners filed a reply in support of their motion on April 5, 2017.[3]  Petitioners also request additional attorneys' fees related to the filing of their reply.  Pet'rs' Reply at 8; Pet'rs' Reply, Exhibit ("Ex.") 4 Tab 9.  Petitioners' motion for attorneys' fees and costs is now ripe for a decision.  For the reasons discussed below, the undersigned finds that petitioners have demonstrated a reasonable basis for the petition, and will be awarded reasonable attorneys' fees and costs.

## I.      Procedural History

Petitioners filed their petition on August 3, 2016, alleging that as a result of receiving the Diphtheria Tetanus Acellular Pertussis ("DTaP"), Hepatitis B, and Poliovirus vaccines on August 5, 2013, and Pneumococcal Conjugate and Haemophilus Influenza b vaccines on August 6, 2013, K.A. suffered developmental delay, related injuries, and a Table encephalopathy.  Petition at 1.  Petitioners alleged that "in the early morning hours of August 7, 2013, the nurses informed [us] that [K.A.'s] heart had stopped and he had stopped breathing."  Id. at 3.  Thus, the petition was filed just days before the statute of limitations deadline.  Some medical records and the affidavit of Michael Anderson were filed on August 4, 2016.  Pet'rs' Exs. 1-3.  An initial status conference was held on October 6, 2016.  During the status conference, respondent's counsel "noted that there does not appear to be a record of the nurses' statement that in the early morning of August 7, 2013, '[K.A.]'s heart had stopped and he had stopped breathing,' as alleged in the petition."  Order, filed Oct. 6, 2016, at 1.  In addition, the undersigned noted:

> Flow chart notes show emesis and a heart rate of 171 beats per minute ('bpm') at 2:00 am on August 7."  Pet'rs' Ex. 1 at 1419.  At 2:24, K.A.'s heart rate had dropped to 54 bpm, but it appears this was immediately recognized, positive pressure ventilation was initiated, and by 2:29 his heart rate had increased to 158 bpm.  Id. at 1422.  There is no evidence that K.A.'s heart stopped, although he did experience bradycardia for a short time, which was promptly corrected.  In addition, an early intervention developmental evaluation performed in October 2013 appears fairly normal."  Id.

Petitioner's counsel then stated that the claim was filed to preserve the statute of limitations and that he was obtaining additional records.[4]  Id.  Petitioners were granted thirty days to file a status report regarding how they wished to proceed.  Id.

---

[3] Petitioners' reply and supplemental fee request were accompanied by a motion to file the documents out of time.  However, the documents were filed in time, and the motion to file documents out of time is therefore deemed moot.

[4] No additional records were filed.

On December 7, 2016, petitioners filed a status report stating that they had retained an expert to review the case and were awaiting the expert's review to determine how to proceed. Status Report, filed Dec. 7, 2016.  On January 5, 2017, petitioners filed a status report stating that based on the expert's review and the totality of the circumstances, they did not intend to proceed with the claim.  Status Report, filed Jan. 5, 2017.  On January 6, 2017, petitioners filed a motion for a decision dismissing their petition, stating that "[a]n investigation of the facts and available science supporting petitioners' case has demonstrated to petitioners that they will be unable to prove that they are entitled to compensation n the Vaccine Injury Compensation Program." Mot. for a Decision Dismissing Petition at ¶ 1, filed January 6, 2017.  A Decision dismissing the petition was issued on January 6, 2017.

Petitioners filed a motion for attorneys' fees and costs on March 10, 2017, requesting $9,188.25 in attorneys' fees, $1,550.00 in attorneys' costs, and $329.76 in petitioners' costs, for a total fees and costs request of $11,068.01.  Pet'rs' Mot. at 2-3; Pet'rs' Mot. Ex. 4, Tabs 2, 8. Respondent filed a response to petitioners' application on March 27, 2017, asserting that petitioners' claim lacked a reasonable basis and objecting to an award of any fees or costs.  Resp. Response.  Petitioners filed a reply in support of their application on April 5, 2017, along with a supplemental motion for $2,948.00 in attorneys' fees incurred in drafting and filing their reply. Pet'rs' Reply at 8; Pet'rs' Reply, Ex. 4 Tab 9.  Accordingly, petitioners' total requested attorneys' fees and costs in this case total $14,016.01.

## II.     Good Faith and Reasonable Basis

### a.  Legal Standard

Section 15(e) of the Vaccine Act governs attorneys' fees.  42 U.S.C. § 300aa-15(e). When awarding compensation on a petition, the special master "shall also award" reasonable attorney's fees and costs.  Id. at §15(e)(1)(A)-(B).  Even when compensation is not awarded, the special master "may award" reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  Id. at § 15(e)(1).

"Good faith" is a subjective standard and petitioners are entitled to a presumption of good faith.  Hamrick v. Sec'y of Health & Human Servs., No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007); Grice v. Sec'y of Health & Human Servs., 36 Fed. Cl. 114, 121 (1996).  Respondent does not challenge the presumption of good faith in this case, and the undersigned finds that this case was brought in good faith.  Therefore, the question at issue is whether petitioners had reasonable basis to pursue their claim.

The Vaccine Act does not define "reasonable basis," and neither the Federal Circuit nor the Court of Federal Claims has defined "reasonable basis" for purposes of fee awards under the Vaccine Act.  Chuisano v. United States, 116 Fed. Cl. 276, 285 (Fed. Cl. 2014).  The Court of Federal Claims has held that the statutory language of 42 U.S.C. § 300aa-15(e)(1)(B) grants the special master "maximum discretion in applying the standard."  Silva v. Sec'y of Health & Human Servs., 108 Fed. Cl. 401, 402 (Fed. Cl. 2012).

Many special masters and Court of Federal Claims judges have determined that the reasonable basis requirement is an "objective consideration determined by the totality of the circumstances." McKellar v. Sec'y of Health & Human Servs., 101 Fed. Cl. 297, 303 (Fed. Cl. 2011); Chuisano, 116 Fed. Cl. at 286.  In determining reasonable basis, the court looks "not at the likelihood of success, but more to the feasibility of the claim." Di Roma v. Sec'y of Health & Human Servs., No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). Factors to be considered include factual basis, medical support, and the circumstances under which a petition is filed. Turner, 2007 WL 4410030, at *6-9.  An attorney's pre-filing investigation into the feasibility of the claim is also a relevant factor in analyzing whether a petition had a reasonable basis. Cortez v. Sec'y of Health & Human Servs., No. 09-176V, 2014 WL 1604002, at *6 (Fed. Cl. Spec. Mstr. Mar. 26, 2014).

The burden is on petitioner to affirmatively demonstrate a reasonable basis, though "petitioner need not establish entitlement to compensation, or even that a claim is likely to succeed." McKellar v. Sec'y of Health & Human Servs., No. 09-841V, 2012 WL 362030, at *6-7 (Fed. Cl. Spec. Mstr. Jan 13, 2012), reversed on other grounds, 2012 WL 1884703 (Fed. Cl. 2012).  Petitioner must furnish "some evidence" supporting the claims in the petition, but the evidentiary showing required is less than a preponderance of the evidence. Chuisano v. Sec'y of Health & Human Servs., No. 07-452V, 2013 WL 6234660, at *1, 13 (Fed. Cl. Spec. Mstr. Oct. 25, 2013).

Numerous other special masters and the Court of Federal Claims have held that an impending statute of limitations deadline is a factor to be considered in the reasonable basis analysis, considering the totality of the circumstances. See, e.g. Chusiano v. United States, 116 Fed. Cl. 276, 287 (2014) ("the statute of limitations is a factor that may affect the reasonable basis analysis in appropriate circumstances."); Austin v. Sec'y of Health & Human Servs., No. 10-362V, 2013 WL 659574,at *9 (Fed. Cl. Spec. Mstr. Jan. 31, 2013) ("special masters have recognized that the ability to investigate adequately a claim is constrained by the need to file quickly to preserve the claim, and have found the balance between these competing interests favors filing."); McNett v. Sec'y of Health & Human Servs., No. 99-684V, 2011 WL 760314, at *8 (Fed. Cl. Spec. Mstr. Feb. 4, 2011) ("the statute of limitations is a factor to consider in determining whether a case was filed with a reasonable basis."); Lamar v. Sec'y of Health & Human Servs., No. 99-583V, 2008 WL 3845165, at *4 (Fed. Cl. Spec. Mstr. July 30, 2008) ("Applying a lenient standard [for reasonable basis] is appropriate when the impending expiration of the statute of limitations prevents an adequate investigation of the basis for the claim"); Hamrick v. Sec'y of Health & Human Servs., No. 99-683V, 2007 WL 4793152, at *5 (Fed. Cl. Spec. Mstr. Jan. 9, 2008) ("When faced with a near certainty that the statute of limitations will bar the action if the action is not filed quickly, petitioners' attorneys must file the action and investigate the case more thoroughly after the case is filed.  Thus, petitioners' attorneys are entitled to the benefit of a doubt when they file a petition just before the statute of limitations expires."); Turner v. Sec'y of Health & Human Servs., No. 99-544V, 2007 WL 4410030, at *6 (Fed. Cl. Spec. Mstr. Nov. 30, 2007) ("A filing on the eve of the running of the statute of limitations may be supported by less information than would be expected if counsel has more time to conduct a pre-filing investigation of the factual underpinnings and the medical basis for a vaccine claim."); Hearell v. Sec'y of Health & Human Servs., No. 90-1420V, 1993

WL 129645, at *1 (Fed. Cl. Spec. Mstr. Apr. 6, 1993) ("Because of the time constraints, it was reasonable for the petitioner to file an incomplete petition in this case.").

### b. Reasonable Basis

Based on the totality of the circumstances, the undersigned finds that petitioners' claim had a reasonable basis when filed, and had a reasonable basis until petitioners' counsel received expert reports. Respondent argues that petitioners cannot establish reasonable basis by relying solely on their own belief of vaccine causation, and that attorney conduct, as opposed to reasonable basis for the underlying claim, has been overemphasized in prior decisions. Resp.'s Response at 5-6. Petitioners argue in their motion that the statements in the petition and affidavit, combined with the fact that counsel only had a few days to review the medical records prior to filing the petition, support a reasonable basis for the claim. Pet'rs' Mot. at 6-7. Their motion provides that "the petitioners provided information contained in a sworn statement that, if verified, would likely [have formed] the basis for a viable claim." Id. at 6. Namely, both the petition and petitioner Michael Anderson's affidavit provide that a nurse told them that K.A.'s heart stopped beating on the morning of August 7, 2013. Petition at 3-4; Pet'rs' Ex. 3 at 2-3. While such a statement was not recorded in the medical records, this is an asserted fact. Petitioners do not simply state that they believe the vaccine caused an adverse reaction, but allege specific facts that would support causation. Based on the alleged facts, the undersigned finds that there was a reasonable basis to file the petition and then undertake an investigation to determine if the allegations could be supported by medical records or expert reports. After filing the petition, petitioners' counsel did in fact review the medical records, consult with an expert, and determine that petitioners' statements could not be verified. At this point, counsel and petitioners appropriately decided not to proceed with the claim.

The undersigned also finds that it is relevant to consider the impact of the impending statute of limitations in this case. Petitioners alleged that a nurse told them that K.A.'s heart and breathing stopped in the early morning of August 7, 2013. Petitioners first contacted counsel on July 1, 2016, but did not transmit the medical records for his review until July 26, 2016. Petrs' Mot. at 2, n.1. The records were voluminous: Exhibit 1, filed on August 4, 2016, consisted of 2348 pages of hospital records. Id. at 3. After just a few days with the records, the petition was filed on August 3, 2016, to preserve the statute of limitations. Id. at 3. During the initial status conference on October 6, 2016, respondent's counsel noted that there did not appear to be a record of the nurses' statement to petitioners that K.A.'s heart stopped beating on August 7, 2013. Petitioners' counsel stated that he was obtaining additional records. Petitioners' counsel also "stated that he would like to obtain an informal expert review of the case in order to determine whether to proceed with the claim." Initial Order, filed Oct. 6, 2017. Thereafter, petitioners did obtain a review of the case by a medical expert. Counsel then conferred with petitioners regarding the expert review and they agreed to file a motion for a dismissal decision.

The undersigned finds that based on petitioners' statements, the volume of medical records, and the impending statute of limitations, there was reasonable basis to file the claim. Petitioner's counsel then reviewed the records further, and informed the undersigned and respondent's counsel that he intended to consult with an expert. Once petitioners' counsel determined that petitioners' claim was unlikely to prevail, he took appropriate steps to have the

claim dismissed.  Therefore, the undersigned finds that it is appropriate to award reasonable attorneys' fees and costs up to the present.

### III.   Reasonable Attorneys' Fees and Costs

#### a.   Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  <u>Avera v. Sec'y of Health & Human Servs.</u>, 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  <u>Id.</u> at 1347-58 (quoting <u>Blum v. Stenson</u>, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  <u>Id.</u> at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  <u>See Savin v. Sec'y of Health & Human Servs.</u>, 85 Fed. Cl. 313, 316-18 (Fed. Cl. 2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  <u>Saxton v. Sec'y of Health & Human Servs.</u>, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  <u>Id.</u> at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners notice and opportunity to respond.  <u>See Sabella v. Sec'y of Health & Human Servs.</u>, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  <u>Broekelschen v. Sec'y of Health & Human Servs.</u>, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).  Just as "[t]rial court courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  <u>Saxton</u>, 3 F.3d at 1521 (citing <u>Farrar v. Sec'y of Health & Human Servs.</u>, 1992 WL 336502 at * 2-3 (Cl. Ct. Spec. Mstr. Nov. 2, 1992)).

#### i.   Hourly Rates

Petitioners request the following hourly rates:

> Robert Krakow:
> July 2016-January 2017: $425
> February 2017-March 2017: $440
>
> Paralegal Work:
> July 2016-January 2017: $125
> February 2017-March 2017: $140

<u>See</u> Pet'rs' Mot., Ex. 4, Tab 2.

The requested rates for 2016 are consistent with rates awarded Mr. Krakow in other recent cases, and the undersigned finds them reasonable.  See, e.g. Laderer v. Sec'y of Health & Human Servs., No. 09-97V, 2016 WL 3044838, at *3 (Fed. Cl. Spec. Mstr. Apr. 20, 2016); Raszkiewicz v. Sec'y of Health & Human Servs., No. 15–509V, 2016 WL 6599966, at *1 (Fed. Cl. Spec. Mstr. Oct. 14, 2016).

However, I do not find increases to rates of $440 and $140 starting in February 2017 reasonable.  Reasonable forum rate ranges were recently established in McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  Pursuant to McCulloch, a reasonable 2015-2016 rate range for an attorney with more than 20 years of experience is $350 to $425 per hour.  2015 WL 5634323, at *19.  Mr. Krakow has approximately 37 years of experience.  Pet'rs' Mot., Ex. 4, Tab 1, at 3.  Thus, Mr. Krakow's 2016 rate is already at the upper limit of the McCulloch rates for counsel with similar years of experience, and the undersigned will not award an increased rate.  Mr. Krakow performed 11.70 hours of compensable work billed at the rate of $440 per hour.  Pet's' Reply, Ex. 4, Tab 9, at 1.  Accordingly, the awarded attorneys' fees will be reduced by $175.50.

In McCulloch, paralegals were awarded a rate of $135 per hour.  2015 WL 5634323, at *21.  The requested rate of $140 for paralegal work performed in 2017 requires some adjustment, as the undersigned does not find an increase of $15 from the 2016 rate of $125 per hour (a 12% increase) reasonable.  The undersigned finds a rate of $130 per hour for paralegal work performed in 2017 reasonable.  Mr. Krakow performed .80 hours of paralegal work in 2017.  Pet'rs' Mot., Ex. 4 Tab 2 at 4.  Accordingly, the requested attorneys' fees and costs will be reduced by $8.00.

### ii.   Hours Expended

Petitioners request compensation for 27.35 hours of attorney time (6.70 of which was incurred in preparing petitioners' reply) and 2.60 hours of paralegal time.  Pet'rs' Mot., Ex. 4, Tab 2 at 6; Pet'rs' Mot. Ex. 4, Tab 9, at 1.  On review of the billing record, the undersigned finds the hours expended reasonable.  Counsel submitted a sufficiently detailed billing record detailing the services provided, and appropriately billed paralegal tasks such as preparing documents for filing at a paralegal rate.  See generally, Pet'rs' Mot., Ex. 4, Tab 2.

### b.   Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable.  Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).  Petitioner requests $1,550.00 in attorneys' costs and $329.76 in petitioners' costs.  Pet'rs' Mot., Ex. 4, Tabs 1, 2, 5, 8.  The submitted attorneys' costs consist of the filing fee, expert consulting costs, and photocopies.  Pet'rs' Mot., Ex. 4, Tab 2, at 5; Pet'rs' Mot., Ex. 4, Tab 4.  Petitioners' costs consist of medical record costs.  Id.  The undersigned finds all of the requested costs reasonable and awards them in full.

**IV.      Conclusion**

Based on all of the above, the undersigned finds that petitioner is entitled to the following award of reasonable attorneys' fees and costs:

|  |  |
|---|---|
| Attorneys' Fees Requested | $12,136.25 |
| - Adjustment to 2017 Attorney Rate | -$ 175.50 |
| - Adjustment to 2017 Paralegal Rate | -$ 8.00 |
| **Attorneys' Fees Awarded** | **$11,952.75** |
| **Attorneys' Costs Awarded** | **$ 1,550.00** |
| **Petitioner's Costs Awarded** | **$ 329.76** |
| **Total Attorneys' Fees and Costs Awarded** | **$ 13,832.51** |

**Accordingly, the undersigned awards a lump sum of $13,832.51, in the form of a check jointly payable to petitioners and to petitioners' attorney, Robert J. Krakow, of the Law Office of Robert J. Krakow, P.C., for attorneys' fees and costs.** [5]

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance herewith. [6]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir. 1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.